UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KRISTY DOBBS,

                              Plaintiff,

                                                                              1:22-CV-1226
      v.                                                               (TJM/DJS)

CITIZENS BANK,

                              Defendant.
_____

**APPEARANCES:**

KRISTY DOBBS
Plaintiff, *Pro Se*
Albany, New York 12206

**DANIEL J. STEWART
United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     Plaintiff's Complaint was dismissed, with leave to replead, by the District Court. Dkt. No. 7. Plaintiff has now filed an Amended Complaint, which is before the Court for review under 28 U.S.C. § 1915(e). Dkt. No. 8, Am. Compl.

     This Court's prior Report-Recommendation set forth in detail the legal standard for review of a complaint under section 1915(e). Dkt. No. 5 at pp. 2-4. The same standards apply to Plaintiff's Amended Complaint.

- 1 -

The Amended Complaint is pled on a pre-printed complaint form for claims brought pursuant to 42 U.S.C. § 1983. *See* Am. Compl. at p. 1. Any claim under section 1983 requires state action. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted). Plaintiff has failed to make any allegations establishing that Citizens Bank engaged in state action.

Beyond this, the Amended Complaint, like Plaintiff's original filing, is simply too vague to permit it to proceed in this Court. As with her prior filing, Plaintiff nowhere identifies what federal statute or right she alleges was violated. No federal statutory provision is cited as a basis for her claim. The nature of the claim, therefore, is unclear. Absent any indication as to the legal basis for this claim, the Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8. The purpose of

Rule 8 is to give adequate notice regarding the nature of the claim being asserted so that the defendant can prepare an adequate defense. *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995). The allegations here do not provide that notice which renders the Amended Complaint subject to dismissal.

"[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases). Here, Plaintiff was provided a prior opportunity to amend. Dkt. No. 7. Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when she took no steps to do so with [the] first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases). Under the circumstances presented here, the Court recommends that the Amended Complaint be dismissed with prejudice.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 7, 2023
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).